FAY, SPOFFORD & THORNDIKE, INC. *vs.* MASSACHUSETTS TURNPIKE AUTHORITY.

Suffolk. January 7, 1964. — March 4, 1964.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Contract,* Construction, With engineer. *Interest.*

*Chas. T. Main, Inc.* v. *Massachusetts Turnpike Authority, ante,* 154, followed in denying to an engineering firm, which had performed the engineering services in connection with construction of a section of a turnpike for a turnpike authority, compensation in addition to the fee provided for in the firm's contract with the authority where the period originally contemplated for performance of the firm's services was substantially prolonged through delay in completion of the construction work. [171]

An engineering firm, which had performed the engineering services in connection with construction of a section of a turnpike under a contract with a turnpike authority basing the firm's fee on the cost of the construction work and payments by the authority for relocation of public utility facilities and providing for the authority's retaining a part of the fee until completion and acceptance of the construction work and "final determination" of the cost, was entitled in the circumstances to interest on the retainage from a time when, with the information necessary for a "final determination" of cost in hand, the authority reasonably should have made such a determination, although actually its determination of a portion of the cost was not made until long after that time. [171–173]

CONTRACT. Writ in the Superior Court dated September 24, 1959.

The action was heard by *Cahill, J.*

*Francis V. Matera (Walter J. Hurley & Timothy J. Driscoll* with him) for the defendant.

*John H. Devine* for the plaintiff.

CUTTER, J. This case in large degree is similar to the case of *Chas. T. Main, Inc.* (Main) v. *Massachusetts Turnpike Authority* (the authority), *ante,* 154. The facts giving rise to the principal issues, and the findings by the same auditor and the same trial judge, are very much alike. Accordingly, to avoid duplication, in general only facts which differ significantly from those in the *Main* case will be set out here.

The case is here on a consolidated outline bill of exceptions in which the authority presents much the same exceptions presented by it in the *Main* case. Fay, Spofford & Thorndike, Inc. (Fay), also presents exceptions to certain rulings given at the request of the authority.

Fay by a contract dated June 22, 1954, for engineering services, similar[1] to that in the *Main* case, was made section engineer of sections I and J of the turnpike. The auditor found, as in the *Main* case, that when this "contract was executed, both parties anticipated that the turnpike would be open for traffic on November 15, 1956," and that neither Fay nor the authority "contributed to the delay in the opening . . . until May 15, 1957." He concluded that, if Fay "is not precluded by the terms of its contract from recovering for additional services," it is entitled to recover the fair value ($97,138.15) of additional services rendered after November 15, 1956, with interest from June 2, 1958. He stated also that there was no evidence to sustain any allegation that the authority "deliberately and arbitrarily extended the time for the opening . . . beyond . . . November 15, 1956," and that both Fay and the authority "acted in good faith."

It was admitted that the authority owes Fay, "a balance of at least $68,342.90 for its services both in the design and construction phases." This amount had been retained by

---

[1] The contract contained in substantially the same form arts. 2, 3 (e), 4, 5, 6, 7, 8, 9, and 20, and incorporated by reference the same specifications for section engineer's services. See references to these articles in the opinion in the *Main* case, especially fns. 2, 3, 4, 5, and 6. The standard specifications of the authority, i.e. the basic construction contract, were also the same. See the *Main* case, especially fn. 7.

the authority under the provisions of art. 8 of the contract. See the *Main* case, fn. 4. The auditor found the correct amount of the retainages to be $69,430.74, and that Fay was entitled to receive this amount with interest from June 2, 1958. The auditor took the view that the contract obliged the authority to make final determination of the cost of construction "within a reasonable time after it had been furnished with the information necessary to make the determination," and that the authority had not been given "the right to make its determination at any time it sees fit, however late that time may be."

The trial judge, on the basis of the auditor's report and certain documentary evidence, found that Fay was owed $97,138.15, with interest from June 2, 1958, for additional services and $69,430.74, also with interest from June 2, 1958, for unpaid retainages from the contract fees.

### A. THE CLAIM FOR ADDITIONAL COMPENSATION.

We perceive nothing in the facts found by the auditor or in the documentary evidence before the judge which would warrant any result in this case different from that reached in the *Main* case with respect to the claim for additional compensation. The contract provisions do not permit any different result, for the reasons stated in the *Main* case.

Accordingly, the authority's requests for rulings numbered 1, 8, 9, 10, 13, and 14 (which are the same as the like numbered requests in the *Main* case) were improperly denied and the authority's exceptions to the denial of these rulings are sustained. The trial judge correctly gave the rulings requested by the authority to which Fay claimed exceptions. These exceptions are overruled. Judgment is to be entered for the authority on all counts seeking additional compensation.

### B. THE RETAINAGE INTEREST CLAIM.

The authority does not argue that the amount ($69,430.74) of the retainages found by the auditor was incorrect. The authority does dispute the allowance of interest upon this

Fay, Spofford & Thorndike, Inc. *v.* Massachusetts Turnpike Authority.

amount from June 2, 1958. The pertinent dates with respect to each of the four contracts let for construction of sections I and J of the turnpike are set out in the margin.[2] On July 11, 1957, Fay "turned over to the . . . [authority] all of its field books relating to the four . . . contracts . . . and on July 31, 1957 . . . requested payment for its services . . . . On December 20, 1957 . . . [Fay] forwarded the so called 'as-built' plans . . . ." On December 23, 1957, the authority's general engineering consultant approved these plans. On June 2, 1958, Fay wrote to the authority "enclosing a statement of its engineering services." This letter "states that it is based on final construction cost estimates and final cost of utilities 'as recently approved.' " Nearly seventeen months later (on October 22, 1959) the value of the last of the construction contracts was accepted by the authority's board.

The auditor concluded that interest was due from the date of Fay's statement (June 2, 1958) and that "final payment . . . was withheld for a period beyond what was reasonable." The obvious purpose of the provision in the contract (art. 8, see the *Main* case, fn. 4) for the retainages, viz. preventing an overpayment to Fay, could not justify this delay of nearly seventeen months after the authority had the information necessary to make its determination. The auditor found no facts which tended to suggest that the delay was reasonable or proper.

This phase of the case is governed by our discussion and conclusions in the *Main* case with respect to the retainage interest claim in that case. There was no error of law in the denial of the authority's motion to strike the portions of the auditor's report allowing interest on the retainages

---

[2] This table summarizes certain pertinent findings of the auditor.

| Contract No. | Completion Date in Contract (all 1956) | Date of Substantial Completion | Completion Date | Date of Final Determination of Cost |
|---|---|---|---|---|
| 51–070 | July 31 | Oct. 9, 1956 | Dec. 8, 1956 | Mar. 5, 1959 |
| 51–071 | July 31 | Dec. 6, 1956 | July 6, 1957 | Oct. 22, 1959 |
| 51–072 | Aug. 31 | Apr. 30, 1957 | July 6, 1957 | Oct. 22, 1959 |
| 51–073 | Aug. 31 | Aug. 31, 1956 | Oct. 31, 1956 | May 9, 1957 |

from June 2, 1958. The rulings concerning this claim, requested by the authority, were given. The authority's exceptions dealing with this interest claim are overruled.

## Conclusion.

The case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*